Mr. Oscar C. Roberts, Jr. P.O. Box 137 Diaz, Arkansas 72043
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107, of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) TAX INCREASE REFERENDUM AMENDMENT (Ballot Title) (1) FROM AND AFTER THE ADOPTION OF THIS AMENDMENT, ALL TAX INCREASES AND OR ANY NEW TAXES PASSED BY THE GENERAL ASSEMBLY SHALL BE REFERRED TO A MAJORITY VOTE OF THE PEOPLE AT THE FOLLOWING GENERAL ELECTION BEFORE BECOMING EFFECTIVE, AND SHALL NOT BE RETROACTIVE.
 (2) HOWEVER, WHEN PASSED WITH AN EMERGENCY CLAUSE, SHALL BECOME EFFECTIVE UNTIL THE NEXT GENERAL ELECTION AT WHICH TIME IT IS AUTOMATICALLY REPEALED UNLESS APPROVED AT THAT TIME BY A MAJORITY VOTE OF THE PEOPLE.
 (3) THE PROVISIONS OF THE CONSTITUTION OF THE STATE OF ARKANSAS IN CONFLICT WITH THIS AMENDMENT ARE HEREBY REPEALED, AND THIS AMENDMENT SHALL TAKE EFFECT AND BE IN OPERATION UPON ITS APPROVAL AND ADOPTION BY THE PEOPLE OF THE STATE OF ARKANSAS, BEING SELF EXECUTING AND MANDATORY REQUIRING NO ENABLING ACT.[1]
The Attorney General is required, pursuant to Section 7-9-107, to approve and certify the popular name and ballot title of all statewide proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, or if the proposed popular name and ballot title are sufficiently misleading, the entire submission may be rejected.
Section 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment or likelihood that it will accomplish its stated objective. Consequently, this review has been limited to determining whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to insure that the popular name and ballot title honestly, intelligently, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984). The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734,233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions which might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaneyv. Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining its sufficiency. Id.
A ballot title must include an impartial summary of the proposed amendment which will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994),citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990), Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988), Hoban v. Hall, supra, andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)), else voters could run afoul of A.C.A. § 7-5-522's five minute limit in the voting booth when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christain Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts it is my conclusion that the popular name submitted is sufficient and is hereby approved. In my opinion, however, a more complete ballot title would indicate clearly that the proposed "amendment" is amending the Arkansas Constitution. The proposed ballot title is therefore rejected and the following substituted in its place:
 (Ballot Title) (1) FROM AND AFTER THE ADOPTION OF THIS AMENDMENT TO THE ARKANSAS CONSTITUTION, ALL TAX INCREASES AND OR ANY NEW TAXES PASSED BY THE GENERAL ASSEMBLY SHALL BE REFERRED TO A MAJORITY VOTE OF THE PEOPLE AT THE FOLLOWING GENERAL ELECTION BEFORE BECOMING EFFECTIVE, AND SHALL NOT BE RETROACTIVE.
 (2) HOWEVER, WHEN PASSED WITH AN EMERGENCY CLAUSE, SHALL BECOME EFFECTIVE UNTIL THE NEXT GENERAL ELECTION AT WHICH TIME IT IS AUTOMATICALLY REPEALED UNLESS APPROVED AT THAT TIME BY A MAJORITY VOTE OF THE PEOPLE.
 (3) THE PROVISIONS OF THE CONSTITUTION OF THE STATE OF ARKANSAS IN CONFLICT WITH THIS AMENDMENT ARE HEREBY REPEALED, AND THIS AMENDMENT SHALL TAKE EFFECT AND BE IN OPERATION UPON ITS APPROVAL AND ADOPTION BY THE PEOPLE OF THE STATE OF ARKANSAS, BEING SELF EXECUTING AND MANDATORY REQUIRING NO ENABLING ACT.
Pursuant to A.C.A. § 7-9-108(c), instructions to canvassers and signers are enclosed herewith.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] It should be noted that your proposed ballot title is identical to the full text of the constitutional amendment you propose.